IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IBIS DE LA CARIDAD MOLINA ZABALA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-1025-FB |
| | § | |
| MIGUEL VERGARA, Field Office Director of | § | |
| Enforcement and Removal Operations, San Antonio | § | |
| Field Office, Immigration and Customs Enforcement; | § | |
| KRISTI NOEM, Secretary, U.S. Department of | § | |
| Homeland Security; U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY; PAMELA BONDI, U.S. | § | |
| Attorney General; EXECUTIVE OFFICE FOR | § | |
| IMMIGRATION REVIEW; and WARDEN OF | § | |
| DILLEY IMMIGRATION PROCESSING CENTER, | § | |
| | § | |
| *Respondents.* | § | |

## <u>ORDER FOR SERVICE AND FURTHER ORDERS OF THE COURT</u>

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner Ibis De La Caridad Molina Zabala.

IT IS HEREBY ORDERED that notice of electronic filing of the Petition (ECF No. 1) and this Order to the United States Attorney in San Antonio, Texas, shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

---

[1]  The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2]  Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

IT IS FURTHER ORDERED that Respondents shall file a response to the Petition **within seven  (7) days** of the date of service.  The Response **MUST** identify:

(1)      Petitioner's alleged country of birth;[3]

(2)      Petitioner's alleged date of entry and statutory basis for removability;

(3)      Petitioner's previous immigration detention history, if any;[4] and

(4)      Petitioner's alleged immigration status.[5]

Additionally, because this case appears to turn on whether Petitioner's detention without a bond hearing violates the due process rights afforded to noncitizens who have established a presence in the United States, **Respondents MUST consider the Court's prior orders addressing this question[6] and note any material factual differences** between those cases and this one. If Respondents so choose, in lieu of a full response, they may instead file a response indicating that there are no material factual differences here and preserving all legal arguments made by the Federal Respondents in those cases.

IT IS FURTHER ORDERED that, if Petitioner elects to file a reply, Petitioner may do so **no later than seven (7) days** after the Respondents file their answers/responses.

---

[3]  This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4]  *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5]  *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order.

[6]  *E.g., Aguilar-Ramirez v. Mullin,* Civil Case No. SA:26-CV-2102-FB (ECF No. 9) (W.D. Tex. Apr. 29, 2026); *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem,* Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026)*; Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at \*3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10-13 (W.D. Tex. Oct. 2, 2025);  and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

IT IS FURTHER ORDERED that **any possible or anticipated transfer of Petitioner Ibis De La Caridad Molina Zabala is IMMEDIATELY STAYED[7] until further order from this Court.  Respondents shall not transfer Petitioner Ibis De La Caridad Molina Zabala outside of this judicial district during the pendency of this litigation and until further Order of this Court.**  Of course, this order does not stay this case or any order of removal and/or the removal proceedings and does not preclude Respondents from taking necessary steps to effect Petitioner's removal.  Instead, only the physical transfer of the Petitioner is stayed at this time.

It is so ORDERED.

SIGNED this 10th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[7]  *See Maldonado v. Lyons,* Case No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (stay of removal and transfer by Court is proper exercise of Court's inherent power to preserve ability to hear case and "address the matters raised in the instant habeas petition").